**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| LYNN K. BAILEY, ET AL. | * | CIVIL ACTION |
| | * | NO. 3:07-CV-00971-FJP-CN |
| Plaintiffs | * | |
| | * | |
| v. | * | JUDGE POLOZOLA |
| | * | |
| ANPAC LOUISIANA INS. CO., | * | |
| ET AL. | * | MAGISTRATE JUDGE NOLAND |
| | * | |
| Defendants. | | |

**HORACE MANN INSURANCE COMPANY AND TEACHERS INSURANCE COMPANY'S CONSENT TO REMOVAL AND STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL**

Pursuant to 28 U.S.C. §§ 1446, Horace Mann Insurance Company ("Horace Mann") and Teachers Insurance Company ("Teachers Insurance") hereby consent to the Notice of Removal filed by State Farm Fire and Casualty Company ("State Farm Fire") on December 26, 2007, and submit the following statement of supplemental grounds for removal:

1. On August 27, 2007, Plaintiffs filed an original petition in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled <u>Lynn K. Bailey, et al. v. ANPAC Louisiana Insurance Company, et al.</u>, bearing Case No. 558574, Div. "D".  Service was withheld as to all Defendants.  (<u>See</u> Plaintiffs' Petition for Damages, attached as Exhibit 1 to State Farm Fire's Notice of Removal.)

2. On November 26, 2007, Plaintiffs filed their First Amended Petition for Damages ("Amended Petition" or "Am. Petition," attached as Exhibit 2 to State Farm Fire's Notice of Removal.)  The Amended Petition identifies one Plaintiff in the caption and additional Plaintiffs

-1-

in Exhibit B.  (Am. Petition ¶ III; Exhibit B to Am. Petition).  The Amended Petition identifies one Defendant in the caption and identifies additional Defendants in Exhibit A.  Further, the spreadsheet lists numerous additional parties -- all of which appear to be insurance companies -- that are apparently intended to be identified as additional Defendants, including Horace Mann and Teachers Insurance.  (Am. Petition ¶ I; Exhibit A to Am. Petition).

3. On December 26, 2007, State Farm Fire removed this case to this Court, asserting federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1453.  According to State Farm Fire's removal petition, the Court may also retain supplemental jurisdiction over any plaintiffs whose claims do not exceed $75,000.00 pursuant to 28 U.S.C. § 1367.

4. Horace Mann and Teachers Insurance received service of the Petition through the Secretary of State on November, 28 2007.  This Consent to Removal and Statement of Supplemental Grounds for Removal is therefore timely filed within thirty days of service of the Amended Petition on Horace Mann and Teachers Insurance in accordance with 28 U.S.C. § 1446(b).

5. As set forth in State Farm Fire's Notice of Removal, the claims against Horace Mann and Teachers Insurance are subject to federal jurisdiction under CAFA, and also because those claims are fraudulently misjoined.  Horace Mann and Teachers Insurance hereby adopt State Farm Fire's arguments in support of all grounds for federal jurisdiction.  In the following paragraphs, Horace Mann and Teachers Insurance provide additional support for removal of this action as they relate to the claims against Horace Mann and Teachers Insurance.

## PARTIES

6. Angela, Jabori and Khalif Muhammad ("Muhammad") aver that at all material times they were domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable

property and all improvements and personal property/contents thereon insured by Horace Mann and located at 12 Tradewinds Court, New Orleans, LA 70128. (Id. at ¶ III; Exhibit B to Am. Petition).

7. Melica and Richard Dupaquier ("Dupaquier") aver that at all material times they were domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by Teachers Insurance Company and located at 2745 Louse Street, Harvey, LA 70058. (Id. at ¶ III; Exhibit B to Am. Petition).

## PLAINTIFFS' ALLEGATIONS

### *The Alleged Horace Mann and Teachers Insurance Insureds*

8. As of August 29, 2005, Horace Mann is alleged to have insured Muhammad under a "homeowner's or other insurance policy," Policy Number 17-001198860 (hereinafter the "Muhammad Policy"). (Id. at ¶ II; Ex. B.) The Muhammad Policy allegedly provided coverage for damages or losses to Muhammad's "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law. (Id. at ¶¶ II and IV; Ex. B.) More specifically, subject to the Muhammad Policy's terms, conditions, and limitations, the Muhammad Policy provided property coverage limits of $157,300. (See Affidavit of David Harkin ("Harkin Aff.") attached hereto as Exhibit "1" at ¶ 5a.)

9. As of August 29, 2005, Teacher's Insurance is alleged to have insured Dupaquier under a "homeowner's or other insurance policy," Policy Number 1701370907 (hereinafter the "Dupaquier Policy"). (Id. at ¶ II; Ex. B.) The Dupaquier Policy allegedly provided coverage for damages or losses to Dupaquier's "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the

policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law.  (Id. at ¶¶ II and IV; Ex. B.)  More specifically, subject to the Dupaquier Policy's terms, conditions, and limitations, the Dupaquier Policy provided property coverage limits of $134,800.  (See Harkin Aff. at ¶ 5b.)

10. The individuals identified in Paragraphs 6 and 7 are collectively referred to herein as "Plaintiffs."

## PLAINTIFFS' ALLEGATIONS

11. The Plaintiffs allege that the loss of their dwellings, dwelling extensions, other structures and/or personal property was caused by perils covered by their homeowner's policy of insurance issued by Horace Mann and Teachers Insurance .  (Id. at ¶ IV.)

12. The Petition further alleges that the Plaintiffs sustained damages or losses in Louisiana to their dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by the policy; confected their homeowner's contract with Horace Mann and Teachers Insurance in Louisiana, and seek damages pursuant to La. Rev. Stat. § 22:695(A), Louisiana's Valued Policy Law ("VPL"). (Id. at ¶ V.)

13. More specifically, the Plaintiffs allege that as a result of the hurricane-force winds of Katrina (the efficient proximate cause), they sustained a substantial or total loss to their immovable property, personal property/contents and all improvements thereon.  (Id. at ¶ VI.)  The Plaintiffs further allege that, as a result, they are entitled to the policy limits with regard to all coverage, including, but not limited to, dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by their policies. (Id.)

14. The Petition further alleges that the Plaintiffs are entitled to recover the "full face" value state in their homeowner's or other fire insurance policy insuring their covered immovable property and other structures, without deduction or offset, pursuant to La. Rev. Stat. § 22:695(A). (Id. at ¶ XIV.)

15. Alternatively, the Plaintiffs allege that Horace Mann and Teachers Insurance failed to properly adjust and/or appraise their dwelling, dwelling extension and other structures damaged as a result of Hurricane Katrina and that additional money is owed for the damages to theirs dwelling, dwelling extension and other structures pursuant to the terms of their homeowner's policies. (Id. at ¶ XV.)

16. The Petition further alleges that the Plaintiffs suffered losses to their personal property/contents, that said personal property/contents was damaged or destroyed by Hurricane Katrina, and that said damages have rendered their personal property/contents a "total loss." (Id. at ¶ XVI.) The Plaintiffs dispute that Horace Mann and Teachers Insurance have fully compensated them for their personal property/contents coverage pursuant to their homeowners' coverage and claim that additional money is owed to them for their personal property/contents damaged or destroyed by Hurricane Katrina. (Id.)

17. The Petition further alleges that the Plaintiffs are entitled to recover the full face value, without deduction or offset, stated in their homeowner's policy for their personal property/contents pursuant to the provisions of La. Rev. Stat. § 22:667. (Id. at ¶ XVIII.)

18. The Plaintiffs dispute that Horace Mann and Teachers Insurance have fully compensated them under their additional living expenses/loss of use coverage and claim that they are owed additional living expenses/loss of use. (Id. at ¶ XIX.)

19. The Plaintiffs also dispute that Horace Mann and Teachers Insurance have fully compensated them for all other relief provided by their policies and claim that they are owed all other relief provided by their policies. (Id. at ¶ XX.)

20. In addition to the allegedly unpaid policy benefits, the Petition seeks damages, penalties, attorney fees, costs and/or any other relief pursuant to La. Rev. Stat. §§ 22:1220 and/or La. Rev. Stat. § 22:658. (Id. at ¶ XXVI.)

21. Horace Mann and Teachers Insurance do not admit the underlying facts as alleged by the Plaintiffs or as summarized above. Further, Horace Mann and Teachers Insurance expressly deny that they have any liability to Plaintiffs.

## DIVERSITY JURISDICTION

22. As set forth in State Farm Fire's Notice of Removal, the claims against Horace Mann and Teachers Insurance are subject to federal jurisdiction under CAFA, and also because those claims are fraudulently misjoined with the claims against the non-diverse insurers.

23. Because the claims against the different insurers are fraudulently misjoined, the Court should consider the claims against each insurer separately for purposes of determining whether federal jurisdiction exists, either under CAFA or the traditional diversity statute, 28 U.S.C. § 1332(a).

24. Under similar circumstances, where a complaint alleged only *parallel* claims against separate diverse and non-diverse defendants, courts have held that joinder of the non-diverse defendants was fraudulent. See, e.g., Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359-60 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action. A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real

connection with the controversy.'"). (<u>See</u> <u>also</u> State Farm Fire Notice of Removal at ¶¶ 26-31 and authorities cited therein.)

25. If the claims against Horace Mann and Teachers Insurance are treated separately, the traditional requirements for diversity jurisdiction are met. <u>See</u> 28 U.S.C. § 1332(a). Horace Mann and Teachers Insurance Company are citizens of Illinois by incorporation, and their principal place of business is also in Illinois. (<u>See</u> Harkin Aff. at ¶¶ 2 and 3.)

26. The Plaintiffs are Louisiana citizens and -- significantly -- none of them are alleged to be citizens of Illinois. (Am. Petition at ¶ III.) As a consequence, there is complete diversity of citizenship between Horace Mann and the Plaintiffs, and between Teachers Insurance and the Plaintiffs.

27. Further, the amount in controversy -- exclusive of interest and costs -- exceeds $75,000. As discussed above, <u>each</u> of the Plaintiffs seek the maximum available under their policies for their dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by their policies -- sums which substantially exceed $75,000. (<u>See</u> Harkin Aff. at ¶¶ 5a and 5b.)

28. In addition, the Plaintiffs seek to recover attorney fees, statutory penalties, and consequential damages under La. Rev. Stat. §§ 22:657, 22:658, and 22:1220. Should the Court deem it necessary to look beyond the supposedly unpaid policy benefits sought in the Petition by each Plaintiff, these alleged additional damages and penalties only further confirm the amount in controversy far exceeds $75,000. <u>See</u> <u>St. Paul Reinsurance Co. v. Greenburg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000); <u>see</u> <u>also</u> <u>Lailhengue v. Mobil Oil Corp.</u>, 775 F. Supp. 908 (E.D. La. 1991); <u>Brooks v. Georgia Gulf Corp.</u>, 924 F. Supp. 739 (M.D. La. 1996).

**WHEREFORE**, Horace Mann Insurance Company and Teachers Insurance Company pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

>Respectfully submitted,
>
>**/s/ Seth A. Schmeeckle**
>**SETH A. SCHMEECKLE, T.A., La. Bar #27076**
>**RALPH S. HUBBARD, III, La. Bar. # 7040**
>**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
>601 Poydras Street, Suite 2775
>New Orleans, Louisiana 70130
>Telephone:  (504) 568-1990
>
>And
>
>OF COUNSEL:
>**KEVIN P. KAMRACZEWSKI**
>**ALAN S. GILBERT**
>**PAUL E. B. GLAD**
>**DAVID R. SIMONTON**
>**SONNENSCHEIN NATH & ROSENTHAL LLP**
>7800 Sears Tower
>Chicago, IL 60606
>Telephone:     (312) 876-8000
>
>**Attorneys for Horace Mann Insurance Company and Teachers Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system.

>/s/Seth A. Schmeeckle
>Seth A. Schmeeckle