## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LYNN K. BAILEY, ET AL.** | * | **CIVIL ACTION** |
| | * | **NO. 3:07-CV-00971-FJP-CN** |
| Plaintiffs | * | |
| | * | |
| v. | * | **JUDGE POLOZOLA** |
| | * | |
| **ANPAC LOUISIANA INS. CO.,** | * | |
| **ET AL.** | * | **MAGISTRATE JUDGE NOLAND** |
| | * | |
| Defendants. | | |

### THE HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY'S CONSENT TO REMOVAL AND STATEMENT OF SUPPLEMENTAL GROUNDS FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1446, The Hanover Insurance Company and Massachusetts Bay Insurance Company (erroneously sued as The Hanover Insurance Company alone) (collectively "Hanover") hereby consent to the Notice of Removal filed by State Farm Fire and Casualty Company ("State Farm Fire") on December 26, 2007, and submit the following statement of supplemental grounds for removal:

1.   On August 27, 2007, Plaintiffs filed an original petition in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled <u>Lynn K. Bailey, et al. v. ANPAC Louisiana Insurance Company, et al.</u>, bearing Case No. 558574, Div. "D". Service was withheld as to all Defendants. (<u>See</u> Plaintiffs' Petition for Damages, attached as Exhibit 1 to State Farm Fire's Notice of Removal.)

2.   On November 26, 2007, Plaintiffs filed their First Amended Petition for Damages ("Amended Petition" or "Am. Petition," attached as Exhibit 2 to State Farm Fire's Notice of

-1-

Removal.)  The Amended Petition identifies one Plaintiff in the caption and additional Plaintiffs in Exhibit B.  (Am. Petition ¶ III; Exhibit B to Am. Petition).  The Amended Petition identifies one Defendant in the caption and identifies additional Defendants in Exhibit A.  Further, the spreadsheet lists numerous additional parties -- all of which appear to be insurance companies -- that are apparently intended to be identified as additional Defendants, including Hanover.  (Am. Petition ¶ I; Exhibit A to Am. Petition).

3.   On December 26, 2007, State Farm Fire removed this case to this Court, asserting federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1453.  According to State Farm Fire's removal petition, the Court may also retain supplemental jurisdiction over any plaintiffs whose claims do not exceed $75,000.00 pursuant to 28 U.S.C. § 1367.

4.   The Hanover Insurance Company received service of the Petition through the Secretary of State on November, 28 2007.  This Consent to Removal and Statement of Supplemental Grounds for Removal is therefore timely filed within thirty days of service of the Amended Petition on The Hanover Insurance Company in accordance with 28 U.S.C. § 1446(b).

5.   As set forth in State Farm Fire's Notice of Removal, the claims against Hanover are subject to federal jurisdiction under CAFA, and also because those claims are fraudulently misjoined.  Hanover hereby adopts State Farm Fire's arguments in support of all grounds for federal jurisdiction.  In the following paragraphs, Hanover provides additional support for removal of this action as it relates to the claims against Hanover.

## **PARTIES**

6.   Victor DeRapau, Jr. [sic] ("Durapau") avers that at all material times hereto, he was domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by Hanover located at 5100

Elysian Fields Avenue, New Orleans, LA 70122-4013. (Am. Petition ¶ III; Exhibit B to Am. Petition).

7.      Dennis Scheuermann ("Scheuermann") avers that at all material times he was domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by Hanover and located at 6374 Orleans Avenue, New Orleans, LA 70124. (Id. at ¶ III; Exhibit B to Am. Petition).

8.      Jung lan Tusa [sic] ("Tusa") avers that at all material times he was domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by Hanover and located at 234 W. Harrison Avenue, New Orleans, LA 70124. (Id. at ¶ III; Exhibit B to Am. Petition).

9.      Doris Warren ("Warren") avers that at all material times she was domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by Hanover and located at 1326 Seville Drive, New Orleans, LA 70122. (Id. at ¶ III; Exhibit B to Am. Petition).

10.     Harold Blappert ("Blappert") avers that at all material times he was domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by Hanover and located at 5100 Elysian Fields Avenue, New Orleans, LA 70122. (Id. at ¶ III; Exhibit B to Am. Petition).

11.     John Golden ("Golden") avers that at all material times he was domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by Hanover and located at 308 East Magistrate Street, Chalmette, LA 70043. (Id. at ¶ III; Exhibit B to Am. Petition).

12.     Mildred White ("White") avers that at all material times she was domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all

improvements and personal property/contents thereon insured by Hanover and located at 35277 Bayou Liberty Road, Slidell, LA 70460. (Id. at ¶ III; Exhibit B to Am. Petition).

13.     Allan Desuignes ("Desuignes") avers that at all material times he was domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by Hanover and located at 1726 N. Derbigny Street, New Orleans, LA 70114. (Id. at ¶ III; Exhibit B to Am. Petition).

14.     Brenda and Virgil Sorina ("Sorina") aver that at all material times they were domiciled in the State of Louisiana and, including on August 29, 2005, owned immovable property and all improvements and personal property/contents thereon insured by Hanover and located at 4311 Van Avenue, New Orleans, LA 70122. (Id. at ¶ III; Exhibit B to Am. Petition).

## PLAINTIFFS' ALLEGATIONS

### *The Alleged Hanover Insureds*

15.     As of August 29, 2005, Hanover is alleged to have insured Durapau under a "homeowner's or other insurance policy," Policy Number HVO 5353484 (hereafter the "Durapau Policy"). (Am. Petition at ¶ II; Ex. B.)  The Durapau Policy allegedly provided coverage for damages or losses to Durapau's "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law.  (Id. at ¶¶ II and IV; Ex. B.)  More specifically, subject to the Durapau Policy's terms, conditions, and limitations, the Durapau Policy provided property coverage limits of $157,000 for his dwelling, $15,700 for other structures, $109,000 for personal property and $31,400 for loss of use.  (See Affidavit of Michael Dandridge ("Dandridge Aff.") attached hereto as Exhibit "1" at ¶ 5a.)

16.     As of August 29, 2005, Hanover is alleged to have insured Scheuermann under a "homeowner's or other insurance policy," Policy Number HNO 6753677 (hereafter the "Scheuermann Policy"). (Am. Petition at ¶ II; Ex. B.)  The Scheuermann Policy allegedly provided coverage for damages or losses to Scheuermann's "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law. (Id. at ¶¶ II and IV; Ex. B.)  More specifically, subject to the Scheuermann Policy's terms, conditions, and limitations, the Scheuermann Policy provided property coverage limits of $151,000 for his dwelling, $15,100 for other structures, $105,700 for personal property and $30,200 for loss of use.  (See Dandridge Aff. at ¶ 5b.)

17.     As of August 29, 2005, Hanover is alleged to have insured Tusa under a "homeowner's or other insurance policy," Policy Number ODO7333447802 (hereinafter the "Tusa Policy"). (Am. Petition at ¶ II; Ex. B.)  The Tusa Policy allegedly provided coverage for damages or losses to Tusa's "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law. (Id. at ¶¶ II and IV; Ex. B.)  More specifically, subject to the Tusa Policy's terms, conditions, and limitations, the Tusa Policy provided property coverage for certain Covered Property of $360,150.  (See Dandridge Aff. at ¶ 5c.)

18.     As of August 29, 2005, Hanover is alleged to have insured Warren under a "homeowner's or other insurance policy," Policy Number HNO 4498629 (hereinafter the "Warren Policy"). (Am. Petition at ¶ II; Ex. B.)  The Warren Policy allegedly provided coverage for damages or losses to Warren's "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the

-5-

policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law. (Id. at ¶¶ II and IV; Ex. B.) More specifically, subject to the Warren Policy's terms, conditions, and limitations, the Warren Policy provided property coverage limits of $132,000 for her dwelling, $13,200 for other structures, $66,000 for personal property and $26,400 for loss of use. (See Dandridge Aff. at ¶ 5d.)

19.  As of August 29, 2005, Hanover is alleged to have insured Blappert under a "homeowner's or other insurance policy," Policy Number HVO 4222731 (hereinafter the "Blappert Policy"). (Am. Petition at ¶ II; Ex. B.) The Blappert Policy allegedly provided coverage for damages or losses to Blappert's "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law. (Am. Petition at ¶¶ II and IV; Ex. B.) More specifically, subject to the Blappert Policy's terms, conditions, and limitations, the Blappert Policy provided property coverage limits of $125,000 for his dwelling, $12,500 for other structures, $87,500 for personal property and $25,000 for loss of use. (See Dandridge Aff. at ¶ 5e.)

20.  As of August 29, 2005, Hanover is alleged to have insured Golden under a "homeowner's or other insurance policy," Policy Number HVO 7069496 (hereinafter the "Golden Policy"). (Am. Petition at ¶ II; Ex. B.) The Golden Policy allegedly provided coverage for damages or losses to Golden's "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law. (Id. at ¶¶ II and IV; Ex. B.) More specifically, subject to the Golden Policy's terms, conditions, and limitations, the Golden Policy provided property coverage limits of

$310,000 for his dwelling, $31,000 for other structures, $217,000 for personal property and $62,000 for loss of use. (See Dandridge Aff. at ¶ 5f.)

21.     As of August 29, 2005, Hanover is alleged to have insured White under a "homeowner's or other insurance policy," Policy Number FVO 3822265 (hereinafter the "White Policy"). (Am. Petition at ¶ II; Ex. B.) The White Policy allegedly provided coverage for damages or losses to White's "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law. (Id. at ¶¶ II and IV; Ex. B.) More specifically, subject to the White Policy's terms, conditions, and limitations, the White Policy provided property coverage limits of $90,000 for her dwelling. (See Dandridge Aff. at ¶ 5g.)

22.     As of August 29, 2005, Hanover is alleged to have insured Desuignes under a "homeowner's or other insurance policy," Policy Number FNO 4091683 (hereinafter the "Desuignes Policy"). (Am. Petition at ¶ II; Ex. B.) The Desuignes Policy allegedly provided coverage for damages or losses to Desuignes' "dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by the policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law. (Id. at ¶¶ II and IV; Ex. B.) Hanover has made a thorough search of its records and is unable to confirm whether it issued Policy Number FNO 4091683 to Desuignes. (See Dandridge Aff. at ¶ 5h.)

23.     As of August 29, 2005, Hanover is alleged to have insured Sorina under a "homeowner's or other insurance policy," Policy Number HNO 2321429 (hereinafter the "Sorina Policy"). (Am. Petition at ¶ II; Ex. B.) The Sorina Policy allegedly provided coverage for damages or losses to Sorina's "dwelling, dwelling extensions, personal property/contents, other

structures, for additional living expenses/loss of use and for all other relief provided by the policy" as a result of Hurricane Katrina pursuant to the terms of the policy and subject to applicable law. (Id. at ¶¶ II and IV; Ex. B.) More specifically, subject to the Sorina Policy's terms, conditions, and limitations, the Sorina Policy provided property coverage limits of $123,000 for their dwelling, $12,300 for other structures, $86,100 for personal property and $24,500 for loss of use. (See Dandridge Aff. at ¶ 5i.)

24. The individuals identified in Paragraphs 6 through 23 are collectively referred to herein as "Plaintiffs."

## PLAINTIFFS' ADDITIONAL ALLEGATIONS

25. The Plaintiffs allege that the loss of their dwellings, dwelling extensions, other structures and/or personal property was caused by perils covered by their homeowner's policy of insurance issued by Hanover. (Am. Petition at ¶ IV.)

26. The Petition further alleges that the Plaintiffs sustained damages or losses in Louisiana to their dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by the policy; confected their homeowner's contract with The Hanover Insurance Company in Louisiana, and seek damages pursuant to La. Rev. Stat. § 22:695(A), Louisiana's Valued Policy Law ("VPL"). (Id. at ¶ V.)

27. More specifically, the Plaintiffs allege that as a result of the hurricane-force winds of Katrina (the efficient proximate cause), they sustained a substantial or total loss to their immovable property, personal property/contents and all improvements thereon. (Id. at ¶ VI.) The Plaintiffs further allege that, as a result, they are entitled to the policy limits with regard to all coverage, including, but not limited to, dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and/or for all other relief provided by their policies. (Id.)

28. The Petition further alleges that the Plaintiffs are entitled to recover the "full face" value state in their homeowner's or other fire insurance policy insuring their covered immovable property and other structures, without deduction or offset, pursuant to La. Rev. Stat. § 22:695(A). (Id. at ¶ XIV.)

29. Alternatively, the Plaintiffs allege that Hanover failed to properly adjust and/or appraise their dwelling, dwelling extension and other structures damaged as a result of Hurricane Katrina and that additional money is owed for the damages to theirs dwelling, dwelling extension and other structures pursuant to the terms of their homeowner's policies. (Id. at ¶ XV.)

30. The Petition further alleges that the Plaintiffs suffered losses to their personal property/contents, that said personal property/contents was damaged or destroyed by Hurricane Katrina, and that said damages have rendered their personal property/contents a "total loss." (Id. at ¶ XVI.) The Plaintiffs dispute that Hanover has fully compensated them for their personal property/contents coverage pursuant to their homeowners' coverage and claim that additional money is owed to them for their personal property/contents damaged or destroyed by Hurricane Katrina. (Id.)

31. The Petition further alleges that the Plaintiffs are entitled to recover the full face value, without deduction or offset, stated in their homeowner's policy for their personal property/contents pursuant to the provisions of La. Rev. Stat. § 22:667. (Id. at ¶ XVIII.)

32. The Plaintiffs dispute that Hanover has fully compensated them under their additional living expenses/loss of use coverage and claim that they are owed additional living expenses/loss of use. (Id. at ¶ XIX.)

33. The Plaintiffs also dispute that Hanover has fully compensated them for all other relief provided by their policies and claim that they are owed all other relief provided by their policies. (Id. at ¶ XX.)

34.     In addition to the allegedly unpaid policy benefits, the Petition seeks damages, penalties, attorney fees, costs and/or any other relief pursuant to La. Rev. Stat. §§ 22:1220 and/or La. Rev. Stat. § 22:658.  (Id. at ¶ XXVI.)

35.     Hanover does not admit the underlying facts as alleged by the Plaintiffs or as summarized above.  Further, Hanover expressly denies that it has any obligations to Plaintiffs.

## DIVERSITY JURISDICTION

36.     As set forth in State Farm Fire's Notice of Removal, the claims against Hanover are subject to federal jurisdiction under CAFA, and also because those claims are fraudulently misjoined with the claims against the non-diverse insurers.

37.     Because the claims against the different insurers are fraudulently misjoined, the Court should consider the claims against each insurer separately for purposes of determining whether federal jurisdiction exists, either under CAFA or the traditional diversity statute, 28 U.S.C. § 1332(a).

38.     Under similar circumstances, where a complaint alleged only *parallel* claims against separate diverse and non-diverse defendants, courts have held that joinder of the non-diverse defendants was fraudulent.  See, e.g., Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359-60 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a Plaintiff has no possibility of a cause of action.  A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'").  (See also State Farm Fire's Notice of Removal at ¶¶ 28-33 and authorities cited therein.)

39.     If the claims against Hanover are treated separately, the traditional requirements for diversity jurisdiction are met.  See 28 U.S.C. § 1332(a).  The Hanover Insurance Company and Massachusetts Bay Insurance Company are citizens of New Hampshire by incorporation and

have their principal place of business in Massachusetts. (See Dandridge Aff. at ¶¶ 2 and 3.) The Plaintiffs are Louisiana citizens and -- significantly -- none of them are alleged to be citizens of New Hampshire, Massachusetts or Illinois. (Am. Petition at ¶ III.) As a consequence, there is complete diversity of citizenship between Hanover and the Plaintiffs.

40.    Further, the amount in controversy -- exclusive of interest and costs -- exceeds $75,000. As discussed above, each of the Plaintiffs seek the maximum available under their policies for their dwelling, dwelling extensions, personal property/contents, other structures, for additional living expenses/loss of use and for all other relief provided by their policies -- sums which substantially exceed $75,000. (See Dandridge Aff. at ¶ 5a-i.)

41.    In addition, the Plaintiffs seek to recover attorney fees, statutory penalties, and consequential damages under La. Rev. Stat. §§ 22:657, 22:658, and 22:1220. Should the Court deem it necessary to look beyond the supposedly unpaid policy benefits sought in the Petition by each Plaintiff, these alleged additional damages and penalties only further confirm the amount in controversy far exceeds $75,000. See St. Paul Reinsurance Co. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000); see also Lailhengue v. Mobil Oil Corp., 775 F. Supp. 908 (E.D. La. 1991); Brooks v. Georgia Gulf Corp., 924 F. Supp. 739 (M.D. La. 1996).

**WHEREFORE**, The Hanover Insurance Company and Massachusetts Bay Insurance Company pray that the above action be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**/s/ Seth A. Schmeeckle**
**SETH A. SCHMEECKLE, T.A., La. Bar #27076**
**RALPH S. HUBBARD, III, La. Bar. # 7040**
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990

And

OF COUNSEL:
**KEVIN P. KAMRACZEWSKI**
**ALAN S. GILBERT**
**PAUL E. B. GLAD**
**DAVID R. SIMONTON**
**SONNENSCHEIN NATH & ROSENTHAL LLP**
7800 Sears Tower
Chicago, IL 60606
Telephone:    (312) 876-8000

**Attorneys for The Hanover Insurance Company and Massachusetts Bay Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 28th day of December, 2007, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record.

/s/ Seth A. Schmeeckle
Seth A. Schmeeckle