UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYNN K. BAILEY, *et al.*, | * | CIVIL ACTION NO. 07-971 |
| | * | |
| | * | SECTION: "B" (2) |
| VERSUS | * | |
| | * | JUDGE POLOZOLA |
| ANPAC LOUISIANA INSURANCE | * | |
| COMPANY, *et al.*, | * | MAGISTRATE NOLAND |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NON-PARTIES ALLSTATE INDEMNITY COMPANY,
ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY, AND ENCOMPASS INSURANCE COMPANY'S
CONSENT TO AND CONCURRENCE IN NOTICE OF REMOVAL**

Non-Parties Allstate Indemnity Company, Allstate Insurance Company, Allstate Property & Casualty Insurance Company, and Encompass Insurance Company ("Encompass")[1] (collectively "Allstate"),[2] hereby submit this Concurrence in Notice of Removal filed by State Farm Fire and Casualty Company ("State Farm"):

---

[1] Based on a review of Encompass's records, the sole Plaintiff asserting a claim against Encompass is not an Encompass Insurance Company insured. Rather, that Plaintiff has a policy with Encompass Insurance Company of America. That does not impact this removal because the Petition's allegations control, but this issue will be taken up by motion at a later date if Plaintiffs do not voluntarily amend their Petition to name the proper defendant and to dismiss the improper defendant.

[2] These entities were all served with process for this suit on or about November 30, 2007. None of these entities, however, is properly named as a Defendant or Party to the lawsuit. The only mention of these entities is found in a document attached to the Amended Petition as Exhibit B. That Exhibit is not referenced in the pleading as a source for the identification of Defendants; rather only Exhibit A is mentioned and none of the Allstate entities appears in that Exhibit. (Am. Petition at ¶¶ I, III.)

1

1.      On August 27, 2007, Plaintiffs filed this action, seeking recovery of losses or damages incurred as a result of Allstate and numerous other insurers' alleged bad faith in handling of the Plaintiffs' claims for damages to property caused by Hurricane Katrina, which Plaintiffs allege were covered under their respective homeowners insurance policies.

2.      On November 26, 2007, Plaintiffs filed their First Amended Petition for Damages ("Amended Petition" or "Am. Petition").  The Amended Petition claims that Plaintiffs are entitled, pursuant to the Louisiana Valued Policy Law, La. R.S. 22:695, to the full face value of their homeowners or other fire insurance policies because their covered properties were rendered substantially damaged or a "total loss" by Hurricane Katrina.  (Am. Petition ¶¶ X-XIV.) Plaintiffs also allege that Defendants failed to properly adjust and/or appraise their claims and did not adequately compensate them for damage to the contents of their property or for additional living expenses.  (Am. Petition ¶¶ XV, XVI.)  Based on these allegations, Plaintiffs seek to recover the "full face value" of their homeowners or other policies.  Additionally, Plaintiffs seek penalties pursuant to La. R.S. 22:1220 and/or 22:658, costs, and "all general and equitable relief."  (Am. Petition at Prayer for Relief.)

3.      Allstate concurs in State Farm's Notice of Removal that establishes Plaintiffs' claims are removable to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1453, because this is a mass action in which more than 100 plaintiffs seek to recover in excess of $5,000,000 in the aggregate, there is at least minimal diversity, and none of CAFA's exceptions apply.  Moreover, the Court may retain

supplemental jurisdiction over any plaintiffs whose claims do not exceed $75,000.00, pursuant to 28 U.S.C. § 1367.

4. Allstate concurs in and consents to State Farm's Notice of Removal which also establishes, in the alternative, that the claims against State Farm and, also, by the same reasoning Allstate are subject to federal jurisdiction and removable because such claims are fraudulently misjoined with the claims against the other defendants, and (1) the claims against Allstate independently satisfy CAFA as a mass action in which more than 100 plaintiffs who are diverse from Allstate seek to try jointly claims that exceed the sum or value of $5,000,000 in the aggregate, and the Court may retain supplemental jurisdiction over any plaintiffs whose claims do not exceed $75,000.00, pursuant to 28 U.S.C. § 1367; and (2) this Court has traditional diversity jurisdiction as to those plaintiffs whose claims against Allstate exceed $75,000.00, and may exercise supplemental jurisdiction over any plaintiffs whose claims do not exceed $75,000.00, pursuant to 28 U.S.C. § 1367.

5. Although this action is properly removable, Allstate maintains that none of the Allstate entities are properly parties to this litigation. The only reference to the Allstate entities is contained in Exhibit B, which the Amended Petition identifies as a source of *named Plaintiffs* **not** *Defendants*. (*Compare* Am. Petition ¶ III *with* Am. Petition ¶ I.) To the extent Exhibit B is deemed to make the Allstate entities defendants to this litigation, then it also establishes that removal is proper here for all the reasons stated in State Farm's Notice of Removal. (State Farm Not. of Removal ¶¶ 7-53.)

100839

6.      The amount in controversy requirement of $75,000 is clearly met for each and every claim asserted in the Amended Petition for two reasons.  First, each and every Plaintiff is seeking to recover the full value of their insurance policy under Louisiana's Valued Policy Law[3] (Am. Petition ¶¶ X-XIV), *plus* penalties which could be up to twice the amounts sought under each Plaintiff's respective policy (Am. Petition ¶ XXVI and Prayer for Relief), *plus* "all costs of these proceedings," which could include attorneys' fees,[4] which standing alone can meet the amount in controversy requirement of $75,000 (Am. Petition at Prayer for Relief).[5]  As such, it is clear that the amount in controversy requirement is met for each and every Plaintiff's claim.

7.      The conclusion that the amount in controversy requirement is met for each and every Plaintiff's claim is further established by the fact that the Amended Petition fails to allege that the Plaintiffs are seeking less than the $75,000 amount in controversy jurisdictional requirement.  Under Louisiana law a plaintiff is ***required*** to allege they are seeking less than the

---

[3]     Allstate maintains that Plaintiff cannot state a claim under the Louisiana Valued Policy Law based on the Fifth Circuit's recent decision. *Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232 (5th Cir. 2007).  But for removal purposes, Plaintiff's allegations control and, therefore, Plaintiff's attempt to allege recovery under the Louisiana Valued Policy Law demonstrates that the amount in controversy requirement is met.  *See generally Foret v. So. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536-37 (5th Cir. 1990).

[4]     Allstate denies that attorneys' fees are properly recoverable under the Louisiana bad faith statutes in force at the relevant time alleged in the Petition, including La. Rev. Stat. 22:658.  But regardless of whether Plaintiff could recover attorneys' fees under those statutes, attorneys' fees are still properly considered toward the amount in controversy in the context of the removal of this action.  *See generally Foret v. So. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536-37 (5th Cir. 1990).

[5]     *See, e.g., Shepard v. State Farm Mut. Auto. Ins. Co.*, 545 So. 2d 624, 631 (La. App. 4th Cir. 1989) ($80,000 in attorneys' fees awarded pursuant to La. Rev. Stat. 22:658); *Fuqua v. Aetna Cas. & Sur. Co.*, 542 So. 2d 1129, 1134 (La. App. 3d Cir. 1989) (same, awarding $100,000 in attorneys' fees).

4

federal jurisdictional threshold amount if in fact they are seeking less than that amount. La. Code Civ. Proc. art. 893(A)(1). The Louisiana Code of Civil Procedure specifically states that:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, *the lack of jurisdiction of federal courts due to insufficiency of damages*, or for other purposes, *a general allegation that the claim exceeds or is less than the requisite amount **is required**.*

La. Code Civ. Proc. art. 893(A)(1) (emphasis added). Thus, if any of the individual Plaintiff's damages were in fact less than $75,000 Plaintiffs were **required** to allege that fact in their Petition. *Id.* Here, Plaintiffs did not specifically allege the damages being sought by any individual plaintiff was less than $75,000. Based on this failure, there is a presumption that the amount in controversy exceeds $75,000 for each and every claim. *See Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (stating that where a plaintiff fails to allege less than $75,000 is in controversy, plaintiff has "in effect conceded by [his] state court pleadings that the requisite jurisdictional amount is in controversy.").

        8.    Thus, it is clear that this action is removable under CAFA as to all Defendants, and as to all claims being asserted. (*See also* State Farm Not. of Removal ¶¶ 7-25.)

        9.    In the alternative, if this Court finds this case is not removable under CAFA as to all Defendants, this action is still removable as to the Allstate entities under CAFA and under traditional diversity jurisdiction because the claims asserted against the non-diverse Defendants are fraudulently misjoined with the claims being asserted against the Allstate entities.[6] (*See* State Farm Not. of Removal at ¶¶ 26-53.)

---

[6]    As noted above, Allstate maintains that *no* claims are being asserted against the Allstate entities as none of the Allstate entities are listed in Exhibit A to the Amended Petition.

10. As to Allstate Insurance Company nearly 200 and clearly more than 100 individuals identified as insureds of Allstate Insurance Company are listed in Exhibit B to the Amended Petition as Plaintiffs. As discussed below there is minimal diversity (and in fact complete diversity) between these Plaintiffs and Allstate Insurance Company. As discussed above, each of these nearly 200 Plaintiffs is seeking more than $75,000. Thus, the requirement of amount in controversy is met. The CAFA amount in controversy is likewise met because the value of the nearly 200 claims each of which exceeds $75,000 is well over the $5,000,000 CAFA amount in controversy. In fact, even if there were only 100 claims the amount in controversy would be in excess of $7,500,000. Thus, all the requirements of CAFA, including minimal diversity and the amount in controversy requirement are met for these claims, and thus they are removable under the mass action provisions of CAFA for all the reasons that the claims against State Farm are removable. (State Farm Not. of Removal ¶¶ 26-38.)

11. As to all of the Allstate entities, removal is proper under 28 U.S.C. § 1332 because there is traditional diversity jurisdiction as to any claims between Plaintiffs and the Allstate entities, and the claims against the non-diverse defendants are fraudulently misjoined. (State Farm Not. of Removal ¶¶ 39-53.)

12. First, there is complete diversity. All Plaintiffs are alleged to be citizens of Louisiana. (Am. Petition at Introduction; *see also* Exhibit B.) Allstate Indemnity Company, Allstate Insurance Company, Allstate Property & Casualty Insurance Company, and Encompass Insurance Company are all incorporated under the laws of the State of Illinois with their principal places of business in Illinois, and they are citizens of the State of Illinois for diversity

purposes. *See* 28 U.S.C. § 1332(c)(1); attached Exhibit A, Affidavit of Sherry Lawrence, at ¶ 8; Exhibit B, Affidavit of Kathy Collard, at ¶ 6. Thus, there is complete diversity between Plaintiffs and the Allstate entities.

13.  Second, as demonstrated above (*supra* ¶¶ 6-7), the amount in controversy for each claim is more than $75,000.

14.  Moreover, in multiple plaintiff cases such as this one, the United States Supreme Court has held that the amount in controversy requirement need only be met for one plaintiff for their to be supplemental jurisdiction over all claims. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (holding that where "at least one named plaintiff in the action satisfied the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other Plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount . . . .").

15.  Here, in addition to the fact that all Plaintiffs' claims meet the amount in controversy requirement as discussed above (*supra*, ¶¶ 6-7), it is also clear that at least one Plaintiff meets the amount in controversy requirement. For example, Plaintiff Ethelee Hooker's homeowners insurance policy with Allstate Insurance Company has dwelling limits of $86,000, limits of $8,600 for other structures, and limits of $43,000 for personal property. (Ex. A at ¶ 4.) Although Allstate has made payments to Plaintiff Hooker under this policy, there is more than

100839

$75,000 remaining on the policy's limits, all of which are being sought by the Amended Petition. (Ex. A at ¶ 7; Am. Petition ¶¶ X-XIV.)[7]

16. Thus, the claim of this named Plaintiff easily satisfies the amount in controversy requirement, which provides this Court with diversity jurisdiction over all claims asserted in this action. *Exxon Mobil Corp.*, 545 U.S. at 549.

**WHEREFORE,** Allstate respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

*Susan M. Rogge*
Judy Y. Barrasso, 2814
Susan M. Rogge, 28203
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, LLC
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone: 504-589-9700
Facsimile: 504-589-9701

Attorneys for Allstate Indemnity Company, Allstate Insurance Company, Allstate Property & Casualty Insurance Company, and Encompass Insurance Company

---

[7] Similar to Plaintiff Hooker, other Plaintiffs who are allegedly insured by other Allstate entities have more than $75,000 remaining on their policies' respective limits. (Ex. A ¶¶ 4-7; Ex. B ¶¶ 4-5.)

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, I electronically filed the foregoing Consent to and Concurrence in Notice of Removal with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<em>Susan M. Rogge</em>

100839