**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LYNN K. BAILEY, ET AL., | CIVIL ACTION 3:07-CV-00971-FJP-CN |
| *Plaintiffs*, | JUDGE FRANK J. POLOZOLA |
| v. | SECTION B-2 |
| ANPAC LOUISIANA INSURANCE COMPANY, ET AL., | MAGISTRATE CHRISTINE NOLAND |
| *Defendants*. | |

**JOINDER IN REMOVAL, AND SUPPLEMENTAL BASES FOR REMOVAL, BY LEXINGTON INSURANCE COMPANY AND AMERICAN GENERAL PROPERTY INSURANCE COMPANY**

Lexington Insurance Company and American General Property Insurance Company (collectively "Defendants") respectfully submit this joinder in removal, and supplemental bases for removal based on complete diversity for the out-of-state Defendants ("Joinder and Supplement").

A.  **JOINDER IN NOTICE OF REMOVAL BY STATE FARM FIRE AND CASUALTY COMPANY PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

The Defendants hereby join in the removal of this action by State Farm Fire and Casualty Company under the Class Action Fairness Act ("CAFA") that was filed in the above-captioned action on December 26, 2007. This case was properly removed to federal court under CAFA because each of CAFA's requirements is satisfied and none of CAFA's exceptions applies.

This Joinder and Supplement is timely filed, because it is filed within thirty days after the first receipt by any of the Defendants through service of a version of the petition in this action. 28 U.S.C. § 1446(b). Plaintiff filed this putative class action in the Civil District Court for the East Baton Rouge Parish, State of Louisiana, on August 27, 2007, but none of the Defendants received service of the initial petition. On November 26, 2007, Plaintiff filed its First Amended Petition for Damages ("Amended Petition"). The Secretary of State was served with the Amended Petition and summons for Lexington Insurance Company and American General Property Insurance Company on November 30, 2007.

B.  **IN THE ALTERNATIVE, THE COURT SHOULD CONSIDER EACH DEFENDANT INDIVIDUALLY AND EXERCISE DIVERSITY JURISDICTION OVER OUT-OF-STATE DEFENDANTS.**

In the event this Court were to find that jurisdiction does not exist under CAFA, it should nonetheless find jurisdiction under 28 U.S.C. § 1332(a) with regard to out-of-state defendants. Where, as here, parallel but unrelated claims are joined against separate diverse and non-diverse defendants, the claims against the non-diverse defendants are considered fraudulently misjoined and cannot serve as a basis for defeating federal jurisdiction. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident

defendant against whom a plaintiff has no possibility of a cause of action.  A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'") (footnote omitted), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002).  The claims are parallel and unrelated here because the rights of each plaintiff exist only against his or her own insurance company, not against *each* of the more than 130 insurance companies joined in this action, as Rule 20(a) requires.  *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (explaining that Rule 20(a) requires that "a right to relief must be asserted *by, or against, each plaintiff or defendant* relating to or arising out of the same transaction or occurrence") (emphasis added).[1]

In light of the improper joinder, to the extent that the Defendants are diverse from the plaintiffs, this Court has jurisdiction under 28 U.S.C. § 1332(a), even if the Court finds that it lacks jurisdiction under CAFA.[2]  Lexington Insurance Company is a citizen of Massachusetts and of

---

[1] Moreover, it is clear that some of the "'resident defendant[s] hav[e] no real connection to the controversy.'" *Tapscott*, 77 F.3d at 1360.  For example, National Union Fire Insurance Company of Louisiana is improperly joined:  the Amended Petition does not identify even a single plaintiff as being insured by this non-diverse company, and thus no claims are being brought against it.

[2] Each Defendant may remove based on diversity jurisdiction under § 1332(a) without obtaining the consent of the other defendants, given that the other defendants are improperly joined. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement [that removal requires the consent of all co-defendants] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."); *see also Griffith v. La. Citizens Coastal Plan*, No. 2:06-CV-2145, 2007 WL

Delaware, and thus it is diverse from all of the plaintiffs, as all plaintiffs are alleged to be citizens of Louisiana. *See* First Am. Pet. Introductory ¶. American General is a citizen of Tennessee and thus is also diverse from all of the plaintiffs.

Plaintiffs' claims also satisfy § 1332(a)'s $75,000 amount-in-controversy requirement. In evaluating removal when, as here, the complaint does not allege a specific amount of damages, the Fifth Circuit permits the removing party "to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). A removing party can satisfy this burden either "by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000" or "by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Grant*, 309 F.3d at 868. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance," then "[t]he plaintiff can defeat diversity jurisdiction only by showing a 'legal certainty' that the amount in controversy does not exceed $75,000." *Id.*

In the Amended Petition, plaintiffs allege that they are entitled to recover the "full face value" of their respective homeowners policies under Louisiana's Valued Policy Law ("VPL"). *Id.* ¶ XIV. Plaintiffs have not alleged that they received any payments on their policies that would reduce this amount in controversy; nonetheless, Lexington has reviewed its records to locate the homeowners policies identified in the attachment to the Amended Petition and related claims files for each

---

933510, at *1 (W.D. La. Feb. 16, 2007) ("[I]t is not necessary to obtain the consent of fraudulently/improperly joined defendants.").

plaintiff alleged to be a Lexington insured. Based on the results of its search, Lexington has attached (as Exhibit L) a chart showing that the amount in controversy with respect to each Lexington plaintiff for whom a policy has been found exceeds $75,000 based on the VPL allegations alone. Ex. L (summarizing coverage and payment amounts); *see also* Exs. A–K (policy cover pages for each located policy).[3] In addition, plaintiffs seek penalties under Louisiana Revised Statutes § 22:1220 and § 22:658, *id.* ¶ XXVI, and these amounts further add to the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998). Thus, the contracts central to the Amended Petition itself, combined with the allegations of the petition, demonstrate that the plaintiffs have alleged an amount in controversy in excess of $75,000.

### C.   CONSENT TO OTHER NOTICES OF REMOVAL

The Defendants also consent to the removal of this action by any other defendant filing a separate notice. The Defendants reserve the right to file a supplemental statement in support of their right to have federal jurisdiction maintained over the claims asserted against the Defendants.

---

[3] The attachment to the Amended Petition lists Kevin Cameron as a Lexington insured, but based on the information provided in the Amended Petition and on a search of its records, Lexington has been unable to locate any policy information for plaintiff Cameron. To the extent he is a proper plaintiff, he appears likely, based on the allegations on the face of the Amended Petition, to satisfy the jurisdictional amount. Even if he does not, however, the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 to consider his claims in addition to those over which traditional diversity jurisdiction exists. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558, 559 (2005) (holding that in "a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, . . . § 1367(a) confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or controversy").

Respectfully submitted,

/s/ Robert I. Siegel

Robert I. Siegel
GIEGER, LABORDE & LAPERHOUSE, LLC
One Shell Square
701 Poydras St., Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 654-1307

*Attorney for Lexington Insurance Company and American General Property Insurance Company*

## CERTIFICATE

I hereby certify that I caused a copy of the foregoing Joinder In And Consent To Removal, And Supplemental Bases For Removal, By Lexington Insurance Company And American General Property Insurance Company to be served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, on this 28th day of December 2007.

/s/ Robert I. Siegel