UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LYNN K. BAILEY, ET AL. | CIVIL ACTION NO.: 3:07-CV-00971 |
| Plaintiffs | |
| | SECTION: "B"(2) |
| VERSUS | |
| | |
| ANPAC LOUISIANA INSURANCE COMPANY, ET AL. | JUDGE: POLOZOLA |
| | |
| Defendants | MAGISTRATE: NOLAND |

**NOTICE OF CONSENT AND CONCURRENCE IN NOTICE OF REMOVAL
AND SUPPLEMENTAL BASES FOR REMOVAL
BY REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY**

**NOW INTO COURT**, through undersigned counsel, comes Republic Fire And Casualty Insurance Company ("Republic"), not properly named as a defendant or party in this civil action, but which company was served with this lawsuit, and respectfully represents to this Honorable Court:

1.

State Farm Fire and Casualty Company (as correctly and incorrectly named in the *Amended Petition*)("State Farm") filed a *Notice of Removal* (Rec.Doc. 1) and removed the civil action entitled *Lynn K. Bailey, et al. v. ANPAC Louisiana Insurance Company, et al.*, Civil

Action No. 558574, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge Parish, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

2.

Republic concurs in and joins the *Notice of Removal* filed by State Farm, as may be applicable, and all supplemental bases for removal asserted by any other defendant, and affirmatively seeks to avail itself and all claims asserted against Republic to the subject matter jurisdiction of the United States District Court for the Middle District of Louisiana. Republic also submits its supplemental bases for removal of this matter to the United States District Court for the Middle District of Louisiana.

3.

On or about August 27, 2007, plaintiffs, including in excess of 100 alleged homeowners, property owners and insureds, filed their *Petition for Damages* in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Plaintiffs filed suit against multiple insurance companies and purportedly named these companies as defendants in Exhibit "A" to the *Petition for Damages*. Republic Fire And Casualty Insurance Company was not named anywhere in the *Petition for Damages* or Exhibit "A" as a defendant. Republic was not served with the *Petition for Damages*, and, upon information and belief, no other insurance company or defendant was served.

4.

On or about November 26, 2007, plaintiffs filed their *First Amended Petition for Damages* ("*Amended Petition*") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Republic Fire And Casualty Insurance Company also was not

named anywhere in the *Amended Petition* or Exhibit "A" as a defendant.  The only mention of Republic Fire And Casualty Insurance Company is found in a document attached to the *Amended Petition* as Exhibit "B," which is supposed to identify additional plaintiffs in the litigation.  There is mention in Exhibit "A" of "Republic Group," but this is not an actual insurance company that issued homeowners or other policies in the State of Louisiana.  As such, Republic Fire And Casualty Insurance Company reserves all rights to contest that it has not been properly named as a defendant in this civil action.

5.

In the *Amended Petition*, plaintiffs claim that they are entitled to the full face value of their homeowners or other insurance policies purported under the Louisiana Valued Policy Law, LSA-R.S. § 22:695 ("VPL"), allegedly because each of their covered property was purportedly rendered a "total loss" or substantially damaged by Hurricane Katrina. (*Amended Petition*, ¶¶ X-XIV).  Plaintiffs also allege that the defendants failed to properly adjust and/or appraise their claims and did not adequately compensate them for damage to the contents of their property or for additional living expenses. (*Amended Petition*, ¶¶ XV and XVI).  Based upon these allegations, plaintiffs seek to recover the "full face value" of their homeowners and other policies.  Plaintiffs also seek penalties in accordance with LSA-R.S. §§ 22:658 and/or 22:1220, costs, and "all general and equitable relief." (*Amended Petition*, Prayer for Relief).

6.

Republic hereby provides its consent to and concurrence in the *Notice of Removal* (Rec.Doc. 1) submitted by State Farm that establishes plaintiffs' claims are removable to this Honorable Court based upon jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a) and (b), and 1453.  Jurisdiction is appropriate under CAFA as this

civil action is a "mass action" as contemplated under CAFA, more than 100 plaintiffs seek to recover in excess of $5,000,000.00 in the aggregate, there is minimal diversity of citizenship, and the CAFA exceptions (of which plaintiffs have the burden of establishing) do not apply. Moreover, this Honorable Court may exercise supplemental jurisdiction over the claims of any plaintiffs (including any claims that may be found to have been properly asserted against Republic, if any) that do not exceed $75,000.00, exclusive of interest and costs, in accordance with 28 U.S.C. § 1367.

7.

Republic asserts that this matter is properly removable under CAFA. Republic maintains, however, that no Republic entity has been properly made a party to this litigation. The only reference to Republic Fire And Casualty Insurance Company is contained in Exhibit "B", which the *Amended Petition* identifies as a list of named plaintiffs, not additional defendants to the litigation. (*cf. Amended Petition*, ¶ III with ¶ I). To the extent Exhibit "B" is deemed to properly name Republic Fire And Casualty Insurance Company and/or any other Republic entity as defendants and parties to this litigation, then Republic asserts that this matter is properly removed to this Honorable Court for the reasons set forth in the *Notice of Removal*.

8.

The amount in controversy requirement of $75,000.00, exclusive of interest and costs, found in 28 U.S.C. § 1332 is clearly met for each and every claim asserted in the *Amended Petition*. First, each and every plaintiff is seeking to recover the purported full value of their insurance policy under the VPL. (*Amended Petition*, ¶¶ X-XIV). Second, each and every plaintiff is seeking to recover the purported face value of the personal property/contents coverage under their respective insurance policies purportedly in accordance with LSA-R.S. § 22:667.

4

(*Amended Petition*, ¶ XVII). Third, each and every plaintiff is seeking to recover "damages, penalties, attorney fees, costs and/or any other relief set forth therein" under LSA-R.S. §§ 22:658 and/or 22:1220. (*Amended Petition*, ¶ XXVI). Although Republic contests that any plaintiff is entitled to the relief requested and/or that any of these statutes are applicable to any plaintiff's claim, particularly, but not exclusively, the current versions of LSA-R.S. §§ 22:658 and/or 22:1220, for purposes of removal, this Honorable Court must look to the amount actually claimed by plaintiffs without reference to any potential defense that may exist as to those claims. *See*, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938) ("But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand."); *See also*, *Marcel v. Pool Company*, 5 F.3d 81 (1993). Accordingly, it is clear that the amount in controversy requirement is met for each and every claim asserted in this civil action.

9.

The conclusion that the amount in controversy requirement is met for each and every claim is further established by the failure of plaintiffs to assert in the *Amended Petition* that each claimant is seeking less than $75,000.00, exclusive of interest and costs. Under Louisiana law, a plaintiff is required to allege whether they are seeking less than federal jurisdictional threshold. The Louisiana Code of Civil Procedure provides as follows:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, ***the lack of jurisdiction of federal courts due to insufficiency of damages***, or for other purposes, ***a general allegation*** that the claim exceeds or is less than the requisite amount ***is required***.

LSA-C.C.P. Art. 893(A)(1)(emphasis added). If any or all of the individual claims for damages were less than $75,000.00, exclusive of interest and costs, then plaintiffs were required to allege "the lack of jurisdiction of federal courts due to insufficiency of damages." *Id*. Contrary to this requirement, plaintiffs did not specifically allege that the damages being sought by any or all plaintiffs were less than $75,000.00, exclusive of interest and costs, so as to defeat federal jurisdiction based upon this minimal amount in controversy. Based upon this failure, there is a presumption that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, for each and every claim. *See Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908 at 1 (W.D.La. July 13, 2006)(where a plaintiff fails to allege less than $75,000.00, exclusive of interest and costs, is in controversy, plaintiff has "in effect conceded by [his] state court pleadings that the requisite jurisdictional amount is in controversy."). Accordingly, this civil action is properly removed under CAFA as to all claims asserted and with respect to all defendants, parties and/or non-parties served with this lawsuit.

10.

In the alternative, and only in the event this Honorable Court does not find removal and jurisdiction to be proper under CAFA, this civil action is properly removed as to Republic in accordance with diversity jurisdiction, 28 U.S.C. §§ 1332(a) and 1441.

11.

The *Amended Petition* alleges that all of the plaintiffs are citizens of the State of Louisiana, including any plaintiff who claims to be insured by Republic. (*Amended Petition*, Introductory Paragraph). According to the allegations in the *Amended Petition*, and upon information and belief, plaintiffs are citizens of Louisiana for the purpose of determining diversity of citizenship in this litigation.

6

12.

Republic is an Oklahoma stock insurer with its principal place of business in Dallas, Texas. In accordance with 28 U.S.C. § 1332(c)(1), and for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, Republic is a citizen of the State of Oklahoma where it is incorporated as a stock insurer, and a citizen of the State of Texas where it maintains it principle place of business, for the purpose of determining diversity of citizenship in this litigation.

13.

Complete diversity exists, therefore, between Republic and each of the plaintiffs, including any plaintiff who claims to be insured by Republic.

14.

As noted in Paragraph No. 8, *supra*, there is a presumption that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, for each and every claim. *See Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908 at 1 (W.D.La. July 13, 2006)(where a plaintiff fails to allege less than $75,000.00, exclusive of interest and costs, is in controversy, plaintiff has "in effect conceded by [his] state court pleadings that the requisite jurisdictional amount is in controversy."). Accordingly, plaintiffs have conceded that the amount in controversy for the claims of each plaintiff, including each plaintiff who claims to be insured by Republic, exceeds $75,000.00, exclusive of interest and costs.

15.

Moreover, in multiple plaintiff or "mass joinder" cases such as the instant civil action, the United States Supreme Court has held that the amount in controversy requirement need only be met for one plaintiff for there to be supplemental jurisdiction over the other claims. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549, 125 S.Ct. 2611, 162 L.Ed.2d 502

(2005)(where "at least one named plaintiff in the action satisfied the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other Plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount . . .").

16.

In addition to all of the claims asserted by plaintiffs meeting the amount in controversy requirement as set forth in Paragraph Nos. 8 and 14, *supra*, at least one plaintiff identified in Exhibit "B" clearly meets the amount in controversy requirement as to Republic. For example, Republic Fire And Casualty Insurance Company issued Policy No. HI3 0451878 to Leon R. Fulton for the Residence Premises of 5721 Wright Road, New Orleans, Louisiana 70128, with a Limit for Coverage A – Dwelling of $372,300.00, Coverage B – Other Structures of $37,230.00, Coverage C – Personal Property of $186,150.00, and Coverage D – Loss of Use of $74,460.00. Republic made payments under Coverage A – Dwelling in the amount of $49,101.99, for a net available Limit of $323,198.01 that is being claimed by plaintiff under the VPL, in addition to the other claims being made by this plaintiff in the *Amended Petition*. Accordingly, at least one plaintiff in Exhibit "B" that is alleged to be insured by Republic is asserting a claim under Coverage A – Dwelling alone in excess of $75,000.00, exclusive of interest and costs, which provides this Honorable Court with diversity jurisdiction and supplemental jurisdiction under 28 U.S.C. §§ 1332(a) and 1367 over all claims asserted in this civil action against Republic and the other defendants, parties and/or non-parties served with this lawsuit. *See Exxon Mobile Corp.*, *supra*.

17.

The presence of the other defendant insurance companies and/or non-party insurance companies served with this lawsuit does not defeat diversity jurisdiction with respect to Republic because the plaintiffs have improperly or fraudulently joined the claims of different alleged assureds against multiple insurance companies and there are no allegations of joint liability or conspiracy between Republic and the other defendant insurance companies. *See In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); and *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996)("The district court, finding no allegation of joint liability between Lowe's and any other defendant and no allegations of conspiracy, held there was an 'improper and fraudulent joinder, bordering on a sham.' . . . The district court correctly found no allegation of joint liability or any allegation of conspiracy. . . . We hold that the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder."), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Therefore, the other defendant insurance companies and/or non-party insurance companies served with this lawsuit should not be considered for purposes of determining diversity jurisdiction in this litigation with respect to the claims asserted against Republic, and consent from them is not required.

18.

In the alternative, and only in the event this Honorable Court does not find removal and jurisdiction to be proper under the bases presented hereinabove and/or in the *Notice of Removal* (Rec.Doc. 1) by State Farm (*i.e.*, CAFA, diversity jurisdiction under 28 U.S.C. § 1332(a), and supplemental jurisdiction under 28 U.S.C. § 1367), this civil action is properly removed in accordance with the Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA"), 28 U.S.C. §§ 1369 and 1441(e)(1)(A).

19.

Under the MMTJA, a federal district court shall have original jurisdiction over "any civil action" involving minimal diversity between adverse parties that arises from a single accident in which at least 75 natural persons have died at a discrete location. 28 U.S.C. § 1369. This civil action asserted by the plaintiffs "arises from a single accident, where at least 75 natural persons have died" at a "discrete location" in a "natural event culminating in an accident" as defined in 28 U.S.C. § 1369(c)(4). Moreover, as further required by 28 U.S.C. § 1369, two or more defendants reside in different states, in accordance with the allegations in the *Amended Petition*.

20.

The events of Hurricane Katrina, and the death and destruction left in its wake, have already been found by the United States District Court for the Middle District of Louisiana to support jurisdiction in and removal to federal court under the MMTJA. In *Chehardy, et al. v. Louisiana Ins. Comm., et al*. No. 05-1140 (M.D. La. 3/16/06), another insurance class action case arising out of Hurricane Katrina, this Honorable Court fund, *inter alia*, that jurisdiction and removal were proper under the MMJTA, 28 U.S.C. §1369. (No. 05-1140, Minute Entry dated 3/16/2006).

21.

Moreover, there is no basis for this Honorable Court to abstain from hearing this civil action under the MMTJA based upon the abstention provision in 28 U.S.C. § 1369(b). The abstention provision of the MMTJA instructs a district court to abstain from hearing any civil action only under the following circumstances: (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and (2) the claims asserted will be governed primarily by the laws of that State. This Honorable Court should not

abstain from hearing this civil action because the conditions set forth under the first prong of the abstention analysis are not met based upon the allegations in the *Amended Petition*.

22.

Although a "substantial majority of the plaintiffs" may possible still be current citizens of Louisiana, the "primary defendants" in this civil action are not all citizens of Louisiana. Plaintiffs have included multiple insurance companies in this civil action, many of which are not citizens of Louisiana. The many insurance companies that are not citizens of Louisiana are "primary defendants" under 28 U.S.C. § 1369(b). *See Passa v. Derderian*, 308 F.Supp.2d 43, 62 (D. R.I. 2004)(The District Court "interprets the term 'primary defendants' as including all defendants facing direct liability"). A district court may only abstain from hearing a civil action under the MMTJA where "a 'substantial majority' of the plaintiffs and the 'primary defendants' are all citizens of the same state." H.R. Conf.Rep No. 107-685, at 201, *reprinted in* 2002 U.S.C.C.A.N. at 1153; *see also Passa v. Derderian*, 308 F.Supp.2d at 61 ("For abstention to be required under the statute, both the substantial majority of all plaintiffs and the primary defendants must all reside in a single state."). According to the *Amended Petition*, the many insurance companies that are not citizens of Louisiana are "primary defendants," so that the abstention provision in the MMTJA should not apply. Removal of this matter to federal court, therefore, is proper under the MMTJA, 28 U.S.C. §§ 1369 and 1441(e)(1)(A).

**WHEREFORE**, Republic Fire And Casualty Insurance Company, not properly named as a defendant or party in this civil action, but which company was served with this lawsuit, concurs and joins in the removal of this matter, and provide supplemental bases for removal, and requests that this Honorable Court assume full jurisdiction over all the claims made in this civil action and

that this civil action be maintained in the United States District Court for the Middle District of Louisiana.

12

Respectfully submitted,

**LARZELERE PICOU WELLS
    SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA  70002
Telephone:   (504) 834-6500
Fax:  (504) 834-6565

BY:  */s/ Christopher R. Pennison*
**JAY M. LONERO, T.A. (No. 20642)**
jlonero@lwp-law.com
**CHRISTOPHER R. PENNISON (No. 22584)**
cpennison@lwp-law.com
**ANGIE ARCENEAUX AKERS (No. 26786)**
aakers@lwp-law.com

**ATTORNEYS FOR REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Christopher R. Pennison*